FORST, J.
Appellant Eric Phillips was convicted of first degree murder,with a firearm and sentenced to life in prison. He raises three arguments on appeal. We affirm without further discussion with respect to his challenges to one of the jury instructions and to the trial court’s overruling his objection to the admission of autopsy photos. We write solely to address his challenge to the admission of the photographic lineup and, as detailed below, affirm the trial court:
Background
The victim in this case was murdered on September 21,1997, while outside having a barbeque with three acquaintances. While they were barbequing, a small black pickup truck with three men pulled up. A man got out of the driver’s seat, shouted at the group, and began firing a rifle. Two of the individuals who were at the barbeque identified Appellant as the shooter, stating that he went by the name “E” around the neighborhood. They testified that ■ they had seen him around the neighborhood and knew him from a previous altercation a few days earlier at a shopping mall, where they stated that Appellant had accused one of the witnesses of breaking into his car and that a fight subsequently ensued. Both witnesses testified that they clearly saw Appellant get out of the truck and start shooting at the time of the crime. Both noted that they were paying close attention in order to avoid getting shot, as evidenced by their identical recitation of the phrase uttered by Appellant before he began shooting. Both witnesses were confronted with a photographic lineup of six individuals shortly after the crime happened. The witnesses showed a high degree of certainty in their identification of Appellant.
At trial and oh appeal, Appellant argued that the photographic lineup was inherently suggestive and unreliable and that the trial court erred in admitting it into evidence. This argument was premised on Appellant’s contention that he was lighter in complexion than the other five individuals in the lineup and that his head was turned slightly to the side in his photo, whereas the other five subjects were facing squarely forward. Consequently, Appellant maintains, his image “popped” out of the lineup and, accordingly, the photographic lineup constitutes reversible error. The State responded, both at trial and in its answer brief, that all six photos were from driver’s license photos pulled from motor vehicle records and that any error was, at worst, harmless. The trial court overruled the objection. The two witnesses who had picked Appellant out of the photographic lineup subsequently identified him at trial as the shooter. Following a jury trial, Appellant was convicted of first degree murder with a firearm.
Analysis .
“[T]he decision to admit a pre-trial identification is within the sound discretion of the trial court, and may be overturned only upon a showing of an abuse of that discretion.” Adderly v. State, 44 So.3d 167, 170 (Fla. 4th DCA 2010).
The Supreme Court of Florida and the Supreme Comí; of the United *433 States have laid out the test for admissibility of out-of-court identifications in Grant v. State, 390 So.2d 341, 343 (Fla.1980), and Neil v. Biggers, 409 U.S. 188, 199-200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
[Tjhe appropriate test is twofold: (1) did the police employ an unnecessarily suggestive procedure in obtaining an out-of-court identification; (2) if so, considering all the circumstances, did the suggestive procedure give rise to a substantial likelihood of irreparable misidentification. The factors to be considered in evaluating ,the likelihood of misidentification include [“]the opportunity of the witness to view the criminal at the time, of the crime, the witness’s degree of attention, the accuracy of the witness’s prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.[”]
Grant, 390 So.2d at 343 (citation omitted) (quoting Neil, 409 U.S. at 199-200, 93 S.Ct. 375).
Appellant is correct that the photographic lineup in this case was impermissi-bly suggestive, as his skin tone is considerably lighter than the other individuals whose photographs were part of the lineup. However, there are other Neil factors to be considered in evaluating the likelihood of misidentification. Here, two of the witnesses who reviewed the photographic lineup also made positive in-court identifications of Appellant and testified to having interacted with him in the past and seeing him around their neighborhood prior to the event in question and prior to the suggestive lineup. That is to say, the witnesses actually knew Appellant and knew that he was the shooter; they were not simply identifying a photograph of an unknown person who shot at them based on the physical characteristics they observed. Finally, when confronted with the lineup shortly after the shooting, both witnesses showed a high degree of certainty in their identification of the shooter.
Based on the witness testimony and other evidence linking Appellant to the crime scene, admission of the photo-lineup was, at worst, harmless error., , ,
Conclusion
In the absence of reversible error, the trial court’s decision is affirmed.

Affirmed.

DAMOORGIAN and LEVINE, JJ., concur.